## Ex Rel. EDWARDS *v.* WILSON

No. 2698

February 24, 1927.                           253 P. 857.

1. Nuisance—Equity Ignores Criminality.
    Whether maintenance of public nuisance is punishable in law courts as crime is immaterial so far as preventive jurisdiction of equity is concerned, since equity ignores its criminality and visits on offender no punishment as for crime.

2. Nuisance—Abatement; State Not Plaintiff.
    Action to abate public nuisance under Rev. Laws, 1562, requiring county commissioners to direct district attorney to act when they have knowledge of nuisance, *held* improperly brought in name of state, on relation of district attorney within and for county, since county is real party in interest, and state is not proper party plaintiff.

C. J.–CYC. REFERENCES

Nuisances—29 Cyc. p. 1221, n. 40; p. 1235, n. 29 (new).

APPEAL from Ninth Judicial District Court, White Pine County; *C. J. McFadden,* Judge.

Action by the State, on the relation of H. W. Edwards, District Attorney within and for White Pine County, against Hugh Wilson. From a judgment entered upon an order sustaining defendant's demurrer to the complaint, plaintiff appeals. **Affirmed.**

*H. W. Edwards,* District Attorney, for Appellant:

Equity can abate nuisance in civil action, especially where it affects public health, welfare or morals, though

acts complained of are punishable criminally. Mugler v. Kansas, 123 U. S. 623. That act also constitutes crime in addition to nuisance, gives offender no special' privilege of exemption from equitable jurisdiction. Goldfield Con. v. Richardson, 194 Fed. 198. Prosecuting officer may sue in equity to abate public criminal nuisance, even in absence of statute conferring such power. L. R. A. 1918D, 821; Stead v. Fortner, 99 NE. 680.

Rev. Laws, 1562, which directs county commissioners to report violations of public right to district attorney, is merely cumulative and provides other means for public protection, and does not deprive him of right and duty to bring suit. It does not state in whose name action should be brought, not county, but state representing people at large in its sovereign capacity, is real party plaintiff. 29 Cyc. 1238; Fogg v. N. C. O., 20 Nev. 429.

*James M. Lockhart,* for Respondent:

Rev. Laws, 1562, provides action shall be under control of county commissioners in like manner as other suits in which county is party. District attorney is not authorized to represent state except in criminal cases in district and justice's courts and to prosecute recognizances forfeited in district court. Rev. Laws, 1596, 1598. Attorney-general alone has right to represent state in civil action. Rev. Laws, 4429, 4133.

Fogg v. N. C. O., 20 Nev. 429, is no longer authority. Eleven years after that decision (which held if alleged wrongful act is only obstruction to exercise of right common to public as well as to individual, remedy is by information filed by attorney-general or district attorney, or indictment). Rev. Laws, 1562, was enacted, which entirely changed law.

Courts of equity have long since refused to be made instruments to punish crime. In famous Debs case, 158 U. S. 593, special stress was laid on right of property of United States in mails carried by railroad, and right to enjoin was based on right of property. Except

where there is express statutory authority therefor, equity has no criminal jurisdiction, and acts or omissions will not be enjoined on mere ground that they are crimes. 32 C. J. 275; Motor Car Dealers Ass'n. v. Haines Co., 222 P. 611; Hedden v. Hand, 107 Atl. 285.

## OPINION

By the Court, SANDERS, C. J.:

This appeal is taken from a judgment entered upon an order sustaining defendant's demurrer to a complaint filed under the provisions of an act entitled "An act to define the duties of county commissioners and district attorneys, relative to abating nuisances in the several counties of the State of Nevada and matters connected therewith," approved March 2, 1901 (Stats. 1901, c. 29), and found in section 1562, Rev. Laws, which reads as follows:

"Whenever, in any county of this state, the county commissioners of said county shall have knowledge, either by personal observation, complaint in writing, or other satisfactory evidence, that a nuisance exists within the limits of said county, as defined by section 3346 of the Compiled Laws of Nevada (infra, 5504) it shall be the duty of said board of county commissioners to take immediate action by entering and recording an order in the minutes of said board, directing the district attorney to notify the person or persons responsible for such nuisance to abate the same, and in case the said notice is not obeyed within five days from and after such service, the said district attorney is hereby directed and empowered to bring action in a court of justice to enforce or abate the same, together with the recovery of damages and costs. Said action shall be under the control of the board of county commissioners in like manner as other suits to which the county is a party, and all necessary expenses incurred in conducting said action shall be paid out of the general fund of said county as other claims are paid. Failure on the part of

either county commissioners or district attorney to enforce the provisions of this act shall work forfeiture of office."

The complaint, in form, is a bill in equity to abate certain houses of ill fame as public nuisances; said houses being situated within 400 yards of a public school and the Sacred Heart Church in the town of Ely, White Pine County, Nevada, in violation of law. The complaint shows affirmatively that all conditions of the statute were complied with before the institution of the action. For present purposes it is unnecessary to discuss the extended allegations of the complaint, further than to say that they present a very strong case for abatement and injunction.

1. Whether the maintenance of a public nuisance is or is not punishable in the law courts as a crime is an immaterial incident so far as the preventive jurisdiction of equity is concerned, for equity ignores its criminality, and visits upon the offender no punishment as for a crime. State v. Ellis, 201 Ala. 295, 78 So. 71, L. R. A. 1918D, 816, Ann. note 821.

2. The main point presented by the demurrer is that the State of Nevada is not a proper party plaintiff, and that the action was improperly brought in the name of the State of Nevada on the relation of the district attorney of White Pine County. The court sustained the demurrer, and we are in accord with its ruling.

The statute makes it clear that the county is the real party in interest in an action brought under its provisions to abate public nuisances existing within the limits of said county; that such action is under the control of the board of county commissioners in like manner as other suits to which the county is a party; that all necessary expenses incurred in conducting the action are payable out of the general fund; that the district attorney derives his authority to bring the action solely from the statute; and that failure to enforce its provisions works forfeiture of office.

The demurrer was properly sustained. Judgment affirmed.